UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| IN RE:<br><br>JOHN CHADWICK DOWELL<br><br>224 Farmhouse Road<br>Roxboro, NC  27574<br>SSN: xxx-xx-3908<br><br>                              Debtor(s). | Case No. 10-80935<br>Chapter: 7 |

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

Comes now, Chrysler Financial Services Americas LLC f/k/a DaimlerChrysler Financial Services Americas LLC ("CFS"), by and through counsel, in support of its Motion for Relief from Automatic Stay would state and show unto the Court that:

1.  On June 6, 2006, John Chadwick Dowell ("Debtor") purchased a 2005 Jeep Grand Cherokee, VIN 1J4HR48N95C693361 ("Vehicle"), said transaction being financed by CFS.  A copy of said Retail Installment is attached hereto and incorporated by reference.

2.  To secure the amounts advanced by CFS, the Debtor granted to CFS a security interest in the Vehicle; CFS holds a validly perfected, first priority purchase-money security interest in the Vehicle, as noted on the Certificate of Title issued by the State of North Carolina. A copy of said Title is attached hereto and incorporated by reference.

3.  The Debtor commenced this bankruptcy case on May 27, 2010 ("Petition Date").

4.  The Debtor is in arrears under the Contract in the amount of $590.98 (representing the June 21, 2010 through July 21, 2010 past due payments of $295.49 each). Counsel for CFS is not in receipt of proof of insurance despite written request for same.

5.  On the Petition Date, the payoff amount due under the Contract was $7,983.65.

6. Pursuant to 11 U.S.C. § 362(d)(1), sufficient cause exists, including lack of adequate protection, for termination of the automatic stay as to CFS the Vehicle and the proceeds thereof.

WHEREFORE, the above premises considered, CFS prays that:

1. CFS be granted immediate relief from the automatic stay provisions of 11 U.S.C. §362 in order that it may proceed immediately with the enforcement of its security interest in the Vehicle.

2. The provisions of Rule 4001 (a)(3) of the Federal Rules of Bankruptcy Procedure be waived.

3. CFS be granted such other and further relief to which it may be entitled.

Respectfully submitted,

/s/ Jacob C. Zweig_____
Jacob C. Zweig (NC Bar No.38641)
Attorney for CFS
Hale, Dewey & Knight, PLLC
88 Union Avenue, Suite 700
Memphis, TN 38103
(901) 271-0712

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| IN RE:<br><br>JOHN CHADWICK DOWELL<br><br>224 Farmhouse Road<br>Roxboro, NC  27574<br>SSN: xxx-xx-3908<br><br>Debtor(s). | Case No. 10-80935<br>Chapter: 7 |
|---|---|

## CERTIFICATE OF SERVICE

      **THIS IS TO CERTIFY** that on the below date, the undersigned served a copy of the Motion for Relief from the Automatic Stay by depositing the same, enclosed in a postpaid wrapper, properly addressed to the following parties in interest, at their last known addresses as shown below, in a post office or official depository under the exclusive care and custody of the United States Postal Service:

John T. Orcutt
Debtors' Attorney
6616-203 Six Forks Road
Raleigh, NC  27615

Sara A. Conti
Chapter 7 Trustee
Box 939
Carrboro, NC 27510

John Chadwick Dowell
224 Farmhouse Road
Roxboro, NC  27574


**THIS** the **11th** day of **August**, 2010.


            /s/Kimberly Ray_____
            Kimberly Ray, Legal Asst. to
            Jacob C. Zweig (NC Bar No.38641)
            Attorney for CFS
            Hale, Dewey & Knight, PLLC
            88 Union Avenue, Suite 700
            Memphis, TN 38103
            (901) 271-0712